UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

JOHN L. HODOROWSKI,

Debtor.

Case No. 25-10589 (REL)
Chapter 7

### CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS HIS GENERAL COUNSEL, EFFECTIVE AS OF JUNE 11, 2025

Fred Stevens, Chapter 7 trustee (the "Trustee") of the estate of John L. Hodorowski (the "Debtor"), the above-captioned debtor, as and for his application (the "Application") for entry of an order in the form annexed hereto as Exhibit A, pursuant to 11 U.S.C. § 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing him to retain Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as his general counsel in the Debtor's case effective as of June 11, 2025.  In support of this Application, the Trustee submits the declaration of Fred Stevens (the "Stevens Declaration") attached hereto as Exhibit B, and respectfully represents as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction over the bankruptcy case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and Rule 81.1 of the Local Rules for the United States District Court for the Northern District of New York referring matters arising under Title 11 of the United States Code (the "Bankruptcy Code") to the Bankruptcy Court (Jan. 1, 2024).

2.   Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested herein is section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of New York (the "<u>Local Bankruptcy Rules</u>").

## INTRODUCTION

4.      On May 23, 2025 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "<u>Bankruptcy Court</u>") [Docket No. 1].

5.      Following several reassignments due to conflicts, Fred Stevens was appointed interim Chapter 7 Trustee on June 10, 2025 [Docket No. 23], and he is currently serving in that capacity.

## RELIEF REQUESTED

6.      The Trustee seeks to retain KWJS&S as his general counsel in the Debtor's case pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 effective as of June 11, 2025, the day on which KWJS&S began work on this matter at the request of the Trustee.

7.      Section 327 (a) of the Bankruptcy Code provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

8.      Rule 2014(a) of the Bankruptcy Rules provides, in relevant part:

*Application for an Order of Employment*. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts

2

showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

**RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

9. The Trustee respectfully submits that he requires general counsel pursuant to section 327(a) of the Bankruptcy Code to, *inter alia*:

   a. advise on issues involving the operation of the Debtor's businesses in chapter 7;

   b. meet with the Debtor, creditors, and other parties in interest in the case;

   c. investigate the Debtor's assets and financial affairs and determine whether there are assets and/or claims against third parties that can be administered for the benefit of the estate and its creditors;

   d. assist with the Trustee's liquidation of any assets of the estate;

   e. review, analyze and respond, as necessary, to all applications, motions, orders, and statements, filed with the Court in this case;

   f. provide legal advice with respect to the Trustee's statutory powers and duties;

   g. represent the Trustee at all hearings and other proceedings before this Court or any other court; and

   h. perform such legal services as may be required and/or deemed to be in the interest of the Trustee in accordance with his powers and duties as set forth in the Bankruptcy Code.

10. The Trustee has selected KWJS&S because it has extensive experience and knowledge in the fields of debtors' and creditors' rights, general corporate law, debt restructuring,

3

investigations, corporate reorganizations, and litigation, among others. Further, KWJS&S has significant experience in representing trustees and other interested parties in bankruptcy cases, including cases analogous or otherwise relevant to the Debtor's case in many ways. Accordingly, the Trustee believes that KWJS&S is well qualified to represent him as his general counsel in this case.

## **PROFESSIONAL COMPENSATION**

11. KWJS&S has indicated its willingness to serve as general counsel to the Trustee herein and to receive compensation on an hourly basis, subject to the approval of this Court and in compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S. The current hourly rates charged for attorneys and paralegals are set forth in the Stevens Declaration. KWJS&S will seek compensation payable to KWJS&S on an hourly basis, plus reimbursement of actual and necessary expenses incurred by KWJS&S.

12. KWJS&S has not performed any services for the Debtor and is, therefore, not a creditor of the Debtor's estate. Additionally, KWJS&S does not have any connection with the Debtor, his creditors, the United States Trustee or any other party in interest, or its respective attorneys, except to the extent set forth in the Stevens Declaration.

13. To the best of the Trustee's knowledge, and except as otherwise disclosed in the Stevens Declaration, (i) KWJS&S does not hold or represent any interest adverse to the Debtor's estate, (ii) KWJS&S is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, (iii) neither KWJS&S nor its professionals have any connection with the Debtor,

its estate or creditors, and (iv) KWJS&S's employment is necessary and in the best interests of the Debtor's estate.

## NO PRIOR RELIEF

14. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, in substantially the same form as that annexed hereto as Exhibit A, granting him the authority to retain KWJS&S as his general counsel in the Debtor's case effective as of June 11, 2025, and granting such other and further relief as may be just and proper.

Dated:  New York, New York
        June 13, 2025

                                            **FRED STEVENS**, Chapter 7 Trustee of the
                                              Estate of John L. Hodorowski

                                      By:  */s/ Fred Stevens*
                                             Fred Stevens, as Trustee

Proposed General Counsel:

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:  */s/ Fred Stevens*
      Fred Stevens
      200 West 41st Street, 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: fstevens@klestadt.com

      *Proposed General Counsel to the
        Chapter 7 Trustee*