**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

JOHN L. HODOROWSKI,                                    Case No. 25-10589 (REL)
                                                       Chapter 7

                        Debtor.

**ORDER AUTHORIZING THE RETENTION OF KLESTADT WINTERS
JURELLER SOUTHARD & STEVENS, LLP AS GENERAL COUNSEL
TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF JUNE 11, 2025**

Upon the application (the "Application")[1] of Fred Stevens, Chapter 7 trustee (the "Trustee") of the estate of John L. Hodorowski (the "Debtor"), for an order approving his retention of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as his general counsel; and upon the declaration of Fred Stevens attached to the Application as Exhibit B (the "Stevens Declaration"); and it appearing that KWJS&S represents no interest adverse to the Debtor's estate, that KWJS&S is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and that its

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

employment is necessary and in the best interests of the estate; and for good and sufficient cause, it is hereby

**ORDERED**, that the retention of KWJS&S as the Trustee's general counsel is hereby approved pursuant to section 327(a) of the Bankruptcy Code effective as of June 11, 2025; and it is further

**ORDERED**, that the compensation to be paid to KWJS&S shall be subject to the approval of this Court upon notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S; and it is further

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that ten business days prior to any increases in KWJSS' rates for any individual employed by KWJSS and retained by the Trustee pursuant to court order, KWJSS shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to 11 U.S.C. § 330(a)(3)(F). Parties in interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard under 11 U.S.C. § 330. Supplemental affidavits are not required for rate increases effective on or after the date the Trustee submits the Trustee's Final Report to the United States Trustee; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Stevens Declaration, the terms of this Order shall govern.

###