**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens

*Counsel to Fred Stevens, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re:                                                            :
                                                                       :      Chapter 7
JOHN L. HODOROWSKI,                                :
                                                                       :      Case No. 25-10589 (REL)
                                            Debtor.            :
---------------------------------------------------------x

**TRUSTEE'S APPLICATION FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE TRUSTEE TO EXAMINE AND SEEK DOCUMENTS AND INFORMATION FROM CARMINE DECRESCENTE, JR., A/K/A C.J. DECRESCENTE**

**TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

Fred Stevens, as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of John L. Hodorowski, the above-captioned debtor (the "Debtor"), by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, hereby submits this application (the "Application") seeking the entry of an order, pursuant to Fed. R. Bankr. P. 2004, authorizing the Trustee to issue a subpoena in substantially the same form as that annexed hereto as Exhibit A (the "Proposed Subpoena") upon Carmine DeCrescente, Jr., a/k/a C.J. DeCrescente (the "Examinee" or "DeCrescente") demanding the Examinee's appearance for an examination under oath and the production of all documents and things regarding any transactions between him or any entities under his ownership or control and the Debtor, the Debtor's brother, Paul C. Hodorowski ("Paul"),

any other members of the Hodorowski family, or any of the Hodorowski Businesses (defined below), by entry of an order in substantially the same form as that attached hereto as Exhibit B (the "Proposed Order"). In support of the Application, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

The Hodorowski family has been in the construction and real estate development business in the Albany area for around five decades. At some point between 2011 and 2012, the family businesses[1] were taken over by the Debtor and his youngest brother, Paul.[2] The two operated the businesses with an apparent relative degree of success until in or around September 2021, when John stepped away from the family businesses and Paul took over all operations. Over the next two years, Paul appears to have borrowed heavily against the businesses without the Debtor's knowledge or consent. Much of this borrowing was done using controversial, ultra high-interest loans and purported future receipts sales, commonly referred to as merchant cash advances.[3] The

---

[1] The Hodorowski family businesses include, but may not be limited to, the following (Debtor's percentage of ownership displayed in parentheses): (i) Hodorowski Holdings, LLC (50%); (ii) HHA Enterprises, LLC (20%); (iii) CryoPartners, LLC (13.4%); (iv) HH at Haywood Lane, LLC (50%); (v) HH Land Development, LLC (33.33%); (vi) HHB Holdings, LLC (30%); (vii) JP Hodorowski Development, LLC (50%); (viii) Hodorowski Homes, LLC (45%); (ix) Hodorowski Homes Legends Preserve, LLC (50%); (x) Hodorowski Property Management, LLC (50%); (xi) J. Luke Construction Co., LLC (50%); (xii) John-Luke Development Co., LLC (50%); (xiii) John Paul Builders, LLC (50%); (xiv) JPH Mechanical, LLC (38.5%); (xv) 767 Troy-Schenectady Road, LLC (16.5%); (xvi) Oakwood Ave Apartments, LLC (50%); (xvii) Forts Ferry Road Development, LLC (14.05%); (xviii) TSR 767, LLC (unknown); (xix) Hodorowski Homes at Hamden Woods, LLC (unknown); (xx) Hodorowski Homes Hickory Ridge, LLC (unknown); (xxi) Hodorowski Homes Mohawk Hills, LLC (unknown); and (xxii) City Edge, LLC (29.67%).

[2] See Ranieri v. Adirondack Dev. Group, LLC, et al., Case No. 11-cv-1013 (GTS/CFH) (N.D.N.Y. Feb. 22, 2016), Court's Decision at Dkt. No. 129, p.1.

[3] See, e.g., Alpha Capital Funding LLC v. J. Luke Construction Co., LLC, et al., Index No. 2024-253 (N.Y. Sup. Ct. Feb. 2, 2024) (Paul allegedly took $378,481.14 in cash from a merchant cash advance in exchange for the purported sale of $838,117.93 in future receivables of the business); ClearFund Solutions LLC v. Cryoclinic, LLC, et al., Index No. 2023-2214 (N.Y. Sup. Ct. Dec. 21, 2023) (Paul allegedly took some amount of cash in exchange for the purported sale of $525,000.00 in future receivables of the businesses); Meged Funding Group Corp. v. Hodorowski Homes, LLC, Index No. 620445/2023 (N.Y. Sup. Ct. Dec. 18, 2023) (Paul allegedly took $475,000.00 in exchange for the purported sale of $712,500.00 in future receivables of the businesses); Rowan Advance LLC v. John Paul Builders LLC, et al., Index No. 53686/2023 (N.Y. Sup. Ct. Dec. 13, 2023) (Paul allegedly took $425,000.00 in exchange for the purported sale of $616,250.00 in future receivables of the businesses).

once-thriving Hodorowski businesses are all out of business and, according to the Debtor, have nothing left from which to satisfy creditors.

Once the Hodorowski businesses were tapped out and no longer a source of funds for Paul, he appears to have turned to alternative and illegal means to raise money. On August 19, 2024, the Financial Crimes Unit of the New York Sate Police arrested Paul on one count of grand larceny in the first degree for allegedly orchestrating an elaborate check kiting scheme between December 1, 2023, and March 31, 2024, which led to losses totaling $1,544,652.59 by Arrow Financial Corporation, specifically Saratoga National Bank and Trust Company.[4]

The Trustee is investigating the financial affairs of the Debtor and the Hodorowski businesses that the Debtor's estate has an interest in as well as any claims the estate may have against Paul for any malfeasance in his operation of the businesses that degraded the Debtor's equity interest.

In addition, the Trustee is investigating the following transfer disclosed on the Debtor's Statement of Financial Affairs as follows:

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.
☐ No
☒ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| C.J. DeCrescente<br>6 Sophia Marie Ln<br>Ballston Spa, NY 12020<br>Creditor | Real Property, known as "242 Broadway, Schenectady, New York 12305" | Transferred in consideration for satisfaction of certain debts | On or about November 2024 |

According to this disclosure as supplemented by the Debtor's testimony at the meeting of

---

[4] *See* New York State Police, *State Police arrest homebuilder on grand larceny charge*. Aug. 19, 2024 (https://troopers.ny.gov/news/state-police-arrest-homebuilder-grand-larceny-charge).

3

creditors, in or around November 2024, the Debtor transferred his 29.67% interest in City Edge, LLC, a limited liability company that is the title owner of 242 Broadway, Schenectady, New York 12305, pictured below, to DeCrescente:



According to the Debtor, the transfer was made to satisfy certain debts. However, the Debtor was unable to answer the most basic questions regarding the debt, including the terms of the purported loan, when it was taken, who took it, why it was taken, or how much it was. Further, he could not answer basic questions about the property like how much it was worth, or whether there was any mortgage or other lien against it. The Trustee needs to know what exactly was transferred to DeCrescente, why it was transferred, and what the value of the transfer was, so that he can determine whether the Debtor's estate has any claim for its recovery.

By this Application, the Trustee respectfully requests the entry of the Proposed Order authorizing the Trustee's issuance of the Proposed Subpoena to the Examinee and directing the Examinee's compliance with the subpoena issued to him.

**JURISDICTION**

1. This Court has jurisdiction over the bankruptcy case and this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and Rule 81.1 of the Local Rules for the United States District Court for the Northern District of New York referring matters arising under Title 11 of the United States Code (the "Bankruptcy Code") to the Bankruptcy Court (Jan. 1, 2024).

2. Venue of this case is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**INTRODUCTION**

4. On May 23, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") [Docket No. 1].

5. Following several reassignments due to conflicts, Fred Stevens was appointed interim Chapter 7 trustee on June 10, 2025 [Docket No. 23].

6. On July 10, 2025, the Trustee presided over the first meeting of creditors convened pursuant to section 341(a) of the Bankruptcy Code and then duly qualified and became the permanent trustee herein by virtue of section 702(d) of the Bankruptcy Code.

**BACKGROUND**

7. From 2011 until 2021, the Debtor was the principal of numerous businesses involved in construction and real estate development. According to his bankruptcy schedules, the Debtor has an interest in the following entities (the Debtor's ownership percentage is indicated in

5

parentheses):

    a. Hodorowski Holdings, LLC (50%);

    b. HHA Enterprises, LLC (20%);

    c. CryoPartners, LLC (13.4%);

    d. HH at Haywood Lane, LLC (50%);

    e. HH Land Development, LLC (33.33%);

    f. HHB Holdings, LLC (30%);

    g. JP Hodorowski Development, LLC (50%);

    h. Hodorowski Homes, LLC (45%);

    i. Hodorowski Homes Legends Preserve, LLC (50%);

    j. Hodorowski Property Management, LLC (50%);

    k. J. Luke Construction Co., LLC (50%);

    l. John-Luke Development Co., LLC (50%);

    m. John Paul Builders, LLC (50%);

    n. JPH Mechanical, LLC (38.5%);

    o. 767 Troy-Schenectady Road, LLC (16.5%);

    p. Oakwood Ave Apartments, LLC (50%);

    q. Forts Ferry Road Development, LLC (14.05%);

    r. TSR 767, LLC (unknown);

    s. Hodorowski Homes at Hamden Woods, LLC (unknown);

    t. Hodorowski Homes Hickory Ridge, LLC (unknown);

    u. Hodorowski Homes Mohawk Hills, LLC (unknown); and

    v. City Edge, LLC (29.67%).

*See*, Schedule B, Docket No. 1, Q.19 (collectively, the "Hodorowski Businesses").

8.  The Debtor ran the Hodorowski Businesses with his brother, Paul, until in or around September 2021 when the Debtor took a leave from the businesses. After that time, Paul managed the businesses.

9.  At this time, the Hodorowski Businesses are believed to be defunct and completely out of business. According to the public record, during Paul's management of the businesses, they took on significant liabilities, including to merchant cash advance companies, which ultimately led to the businesses' demise.[5]

10. In addition, Paul has been accused by the Financial Crimes Unit of the New York Sate Police of orchestrating an elaborate check kiting scheme between December 1, 2023, and March 31, 2024, which led to losses totaling $1,544,652.59 by Arrow Financial Corporation, specifically Saratoga National Bank and Trust Company.[6] Paul was arrested on related charges on August 19, 2024, and is believed to be awaiting trial.

11. Relevant to the instant Application, according to the Debtor's financial affairs, he transferred "Real Property, known as '242 Broadway, Schenectady, New York'" to DeCrescente "in consideration for satisfaction of certain debts" "[o]n or about November 2024". Statement of Financial Affairs, Dkt. No. 1, Q.18 (May 23, 2025).

12. As the Debtor further explained in his testimony at the meeting of creditors, he actually transferred to DeCrescente his 29.67% membership interest in City Edge, LLC, which limited liability company is the title owner of 242 Broadway. The Debtor was unable to answer almost any other question about 242 Broadway, DeCrescente, or why he made the transfer. The

---

[5] *See* cases cited *supra* note 3.

[6] *See supra* note 4.

7

Debtor claims not to have a single document related to the underlying transactions.

13. According to his online portfolio, DeCrescente is the President of DeCrescente Distributing Company, a 77-year-old family business and large and successful beverage distribution business. *See* https://www.decrescente.com/. However, nothing is known about DeCrescente's relationship with the Debtor, Paul, or Hodorowski Businesses.

14. The Trustee needs to investigate DeCrescente's relationship to the Hodorowski's and the reason for and value of the transfer by the Debtor to DeCrescente. To do this, the Trustee needs to issue to DeCrescente a subpoena *duces tecum*, like the Proposed Subpoena, mandating his production of documents and attendance at an examination.

## RELIEF REQUESTED

15. Bankruptcy Rule 2004(a) provides that "[o]n the motion of any party in interest, the court may order the examination of any entity." It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters affecting the administration of the debtor's estate, as well as the conduct, liabilities or property of the debtor.

16. Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." *Id.*; *see also*, *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *In re Silverman*, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

17. The investigation of the Examinee is precisely what is authorized by Bankruptcy Rule 2004 and the examination of Examinee is according to the Debtor the recipient of a large, unexplained transfer just seven (7) months prior to the Petition Date.

18. Bankruptcy Rule 2004 permits the Trustee to issue subpoenas on any parties which the Trustee believes may have information relevant to the Debtor's property and/or financial affairs and in furtherance of his investigation.

19. As such, the examination of the Examinee is necessary to aid the Trustee in his investigation of the Debtor's financial affairs, and the existence of claims that he can pursue for the benefit of his creditors.

20. The Trustee will probably require the oral examination of the Examinee following a complete production of documents, especially if the documents do not provide sufficient detail.

21. The Trustee respectfully submits that the proposed examination of the Examinee is reasonable, necessary, and authorized by Bankruptcy Rule 2004 in furtherance of his necessary investigation.

## **PROPOSED PROCEDURE**

22. The Trustee requests that the Court direct the Examinee's production of documents at the Trustee's offices at Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York, 10036-7203, or by electronic means. The Trustee proposes that the Examinee's examination take place at either (i) the offices of the Trustee's counsel, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York, 10036-7203, or such other location as may be within the 100-mile geographic limitation of Fed. R. Civ. P. 45(c); or (ii) any other location as agreed to by the Trustee and the Examinee.

23. The Trustee proposes to serve the Subpoenas at least fourteen (14) days prior to the due date for the production or inspection of any documents or electronic files, or oral examination.

## NOTICE

24. Applications for relief under Rule 2004(a) are usually granted *ex-parte*. 9 *Collier on Bankruptcy* ¶ 2004.01[2] (15th ed. 2009), *citing 1983 Advisory Committee Note to Fed. R. Bankr. P. 2004, reprinted in* ch. 2004, App. 2004; *In re Sutera*, 141 B.R. 539, 540 (Bankr. D. Conn. 1992); *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D.Ill. 1985); *In re Silverman*, 10 C.B.C.2d 1219, 36 B.R. 254 (Bankr. S.D.N.Y. 1984). Some bankruptcy courts even adopt local rules allowing the service of subpoenas under Bankruptcy Rule 2004(a) without having to file any application at all. *See e.g.*, D.N.J. L.B.R. 2004-1(b).

25. Here, out of an abundance of caution, the Trustee has proceeded with the Application by notice and hearing providing the Examinee with an opportunity to object prior to consideration by the Court. Further, the Examinee will have ample opportunity to seek from this Court protection from any subpoena or information sought by the subpoena issued by the Trustee that the Examinee believes it has a basis to challenge.

26. The Trustee further submits that it should be permitted to serve the Subpoena by Federal Express ("FedEx"), other nationally recognized overnight carrier, or any other means of service allowed under Bankruptcy Rule 9016 as appropriate, because personal service would be unduly burdensome, expensive and would delay the Trustee's efforts to obtain information essential to uncovering whether causes of action exist that may significantly augment the Debtor's estate.

27. Courts in the Second Circuit have authorized alternative service when such service was reasonably "calculated to provide timely actual notice." *Med. Diagnostic Imaging PLLC v.*

*CareCore Nat. LLC,* Case No. 06 CIV 13156, 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008); *Cordius Trust v. Kummerfeld,* Case No. 99 CIV 3700 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) ("Because alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met"); *In re Shur,* 184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995) (holding that Rule 45 of the Federal Rules of Civil Procedure (and by extension Bankruptcy Rule 9016) does not require personal service and that other service is permissible provided service was reasonably calculated to give actual notice). Here, delivery by FedEx, other nationally recognized overnight carrier, or other means agreed to by the subpoenaed parties, is reasonably calculated to ensure actual receipt by the persons subject to any Subpoena.

28.     Based upon the foregoing, the Trustee submits that the proposed notice of the Application and hearing is adequate and that no further notice should be required.

**NO PRIOR RELIEF**

29.     Except as specifically stated, no previous application for the relief sought herein has been made to this or any other court.

*[Continued on next page]*

**WHEREFORE**, the Trustee respectfully requests that the relief requested herein be granted and the Court enter an order, substantially in the form of the Proposed Order annexed hereto as <u>Exhibit B</u>, and grant such other and further relief as is just and proper.

Dated: New York, New York
July 21, 2025

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
Fred Stevens
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com

*Counsel to Fred Stevens, Chapter 7 Trustee*