UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>JOHN L. HODOROWSKI,<br><br>           Debtor. | CHAPTER 7<br><br>CASE NO. 25-10589 (REL) |

### BROADVIEW FEDERAL CREDIT UNION F/K/A CAPITAL COMMUNICATIONS FEDERAL UNION'S MOTION TO CONDUCT RULE 2004 EXAMINATION OF THE DEBTOR

Broadview Federal Credit Union f/k/a Capital Communications Federal Credit Union ("Broadview"), by and through its attorneys, Harris Beach Murtha Cullina PLLC, Brian D. Roy, Esq., seeks entry of an Order pursuant to Fed. R. Bankr. P. 2004: (i) directing the Debtor, John L. Hodorowski (the "Debtor"), to appear for examination pursuant to Fed. R. Bankr. P. 2004; (ii) compelling the Debtor to provide certain documents as outlined in Exhibit J to the attached Motion;; and (iii) extending the time to file a complaint objecting to discharge pursuant to Fed. R. Bankr. P. 4004(b), or dischargeability of a debt pursuant to Fed. R. Bankr. P. 4007(c) until sixty (60) days after conclusion of the Debtor's 2004 examination; and (iv) granting such other and further relief as the Court may deem just and proper (the "Motion"); and, in support of the Motion, Broadview respectfully states as follows:

### PRELIMINARY STATEMENT

1. As referenced in the *Trustee's Application for an Order, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Trustee to Examine and Seek Documents and Information from the Debtor's Brother, Paul C. Hodorowski* (the "Trustee's 2004 Motion") [Dkt. No. 30], the Hodorowski family has been in the construction and real estate development business in the

-1-

426839\4906-7548-1465\ v1

Albany area for a long time. At some point between 2011 and 2012, the various businesses[1] were taken by the Debtor and his younger brother, Paul.

2.  Broadview issued various loans and/or lines of credit to certain of the Hodorowski family businesses which were guaranteed by, *inter alia*, the Debtor. Each of the businesses that obtained the loan and/or line of credit from Broadview provided Broadview with a security interest in the businesses' collateral. Upon information and belief, Debtor was running those various businesses. At various points, the borrowers and Debtor defaulted under the terms of the loans and/or lines of credit. Accordingly, Broadview commenced at least six (6) actions against the appropriate businesses, Debtor and others regarding the failure to pay back the loans and/or lines of credit. Broadview has obtained judgments against the Debtor in three (3) of those actions and the other three (3) actions are stayed as a result of this bankruptcy. Broadview is seeking to perform a 2004 examination of the Debtor and requesting documentation to assess a potential non-dischargeability claim against the Debtor under 11 U.S.C. § 523 for, among other things, conversion and/or diversion of collateral related to loans issued by Broadview to J. Luke Construction Co., LLC ("J. Luke").

## FACTUAL AND PROCEDURAL BACKGROUND

3.  Broadview is a credit union, authorized to transact business in the State of New York and registered by the New York State Department of Financial Services, with its principal

---

[1] The Hodorowski family businesses include, but may not be limited to, the following (Debtor's percentage of ownership displayed in parentheses): (i) Hodorowski Holdings, LLC (50%); (ii) HHA Enterprises, LLC (20%); (iii) CryoPartners, LLC (13.4%); (iv) HH at Haywood Lane, LLC (50%); (v) HH Land Development, LLC (33.33%); (vi) HHB Holdings, LLC (30%); (vii) JP Hodorowski Development, LLC (50%); (viii) Hodorowski Homes, LLC (45%); (ix) Hodorowski Homes Legends Preserve, LLC (50%); (x) Hodorowski Property Management, LLC (50%); (xi) J. Luke Construction Co., LLC (50%); (xii) John-Luke Development Co., LLC (50%); (xiii) John Paul Builders, LLC (50%); (xiv) JPH Mechanical, LLC (38.5%); (xv) 767 Troy-Schenectady Road, LLC (16.5%); (xvi) Oakwood Ave Apartments, LLC (50%); (xvii) Forts Ferry Road Development, LLC (14.05%); (xviii) TSR 767, LLC (unknown); (xix) Hodorowski Homes at Hamden Woods, LLC (unknown); (xx) Hodorowski Homes Hickory Ridge, LLC (unknown); (xxi) Hodorowski Homes Mohawk Hills, LLC (unknown); and (xxii) City Edge, LLC (29.67%).

426839\4906-7548-1465\v1

place of business located at 4 Winners Circle, Albany, New York 12205.

4. J. Luke is a domestic business corporation duly organized and existing by virtue of the laws of the State of New York with a principal place of business located at 796 Burdeck Street, Schenectady, New York 12306.

5. Upon information and belief, at all relevant times, Debtor held at least a 50% interest in J. Luke and was the managing member of J. Luke at the time the below referenced loans were issued to J. Luke by Broadview.

### I. The $1,250,000 Business Line of Credit Agreement

6. On or about May 8, 2020, J. Luke executed a Business Line of Credit Agreement (the "Agreement") pursuant to which Broadview agreed to issue $1,2500,000 line of credit to J. Luke to be drawn upon at J. Luke's convenience. A copy of the J. Luke Agreement is attached hereto as **Exhibit A**.

7. Pursuant to Agreement, J. Luke promised to repay to Broadview the total of all credit advances and finance charges along with the cost and expenses for which J. Luke is responsible under the Agreement.

8. Pursuant to the Agreement, the line of credit matured on May 5, 2021 unless extended by the Plaintiff.

9. Pursuant to section 14 of the Agreement, failing to make payments when due and failing to comply with or to perform any other term, obligation, covenant or condition contained in the Agreement or any of the related documents constitutes a default.

10. Pursuant to the Agreement, in the event of a default, Broadview has the right to accelerate the loan and declare the entire balance due and payable.

11. Pursuant to section 10 of the Agreement, J. Luke agreed to pay Plaintiff's costs of

collections, including attorneys' fees and other costs, including court costs.

12. On or about May 8, 2020, pursuant to a Security Agreement and in consideration for funds loaned to J. Luke by Broadview, J. Luke granted Broadview a security interest in all of J. Luke's now owned or after acquired assets, tangible or intangible, of whatever nature, including but not limited to: accounts, chattel paper, deposit accounts, equipment, fixtures, general intangibles, instruments, inventory, investment property and farm products (hereinafter referred to as "Collateral"). A copy of the Security Agreement is attached hereto as **Exhibit B.**

13. On or about June 9, 2020, Broadview filed a UCC Financing Statement with the New York State Department of State, thereby perfecting its first priority lien and security interest in and upon the Collateral. A filed copy of the UCC Financing Statement is attached hereto as **Exhibit C.**

14. On or about May 8, 2020, for good and valuable consideration and in consideration for the above-referenced line of credit, Debtor and Paul Hodorowski (collectively, the "Guarantors") executed a Continuing Guaranty in favor of Broadview. A copy of the Continuing Guaranty is attached hereto as **Exhibit D.**

15. Pursuant to the Continuing Guaranty, the Guarantors absolutely and unconditionally guaranteed full and punctual payment and satisfaction of all of the indebtedness owed by J. Luke to Broadview.

16. Pursuant to the Continuing Guaranty, the Guarantors agreed to pay Broadview's reasonable attorneys' fees and costs incurred in connection with the enforcement of the Continuing Guaranty.

17. At J. Luke's request, Broadview did in fact make disbursements under the Agreement to Borrower.

18. The line of credit evidenced by the Agreement matured.

19. J. Luke failed to make the requisite payments due to Plaintiff under the terms of the Agreement.

20. Despite timely and good faith demands for the same on the part of Broadview, J. Luke and Guarantors failed and refused to make payment as per the terms of the Agreement.

**II.    The $50,000 Promissory Note and Business Loan Agreement**

21. On or about November 10, 2020, J. Luke executed a Promissory Note and Business Loan Agreement ("$50,000 Agreement") pursuant to which Plaintiff agreed to lend $50,000.00 to J. Luke for the purchase of a 2012 JCB Forklift model #510-56S Serial Number 1402929 (the "Forklift"). A copy of the $50,000 Agreement is attached hereto as **Exhibit E.**

22. On or about November 10, 2020, pursuant to a Security Agreement and in consideration for funds loaned to J. Luke by Broadview, J. Luke granted Broadview a security interest the Collateral as well as in the Forklift. A copy of the Security Agreement is attached hereto as **Exhibit F.**

23. On or about November 10, 2020, Broadview filed a UCC Financing Statement with the New York State Department of State, thereby perfecting its first priority lien and security interest in the Forklift. A filed copy of the UCC Financing Statement is attached hereto as **Exhibit G.**

24. On or about November 10, 2020, for good and valuable consideration and in consideration for the above-referenced line of credit, Debtor and Paul Hodorowski executed a Continuing Guaranty in favor of Broadview. A copy of the Continuing Guaranty is attached hereto as **Exhibit H.**

25. At J. Luke's request, Broadview did in fact make disbursements under the $50,000 Agreement to J. Luke.

26. J. Luke failed to make the requisite payments due to Broadview under the terms of the $50,000 Agreement.

### III. The State Court Actions

27. Based on the above, Broadview commenced an action against J. Luke, Debtor and Paul Hodorowski on or about May 2, 2024 in New York State Supreme Court, Albany County (the "State Court") under Index Number 904228-24 based on the Agreement. Broadview also commenced an action against J. Luke, the Debtor and Paul Hodorowski on May 2, 2024 in the State Court based on the $50,000 Agreement under Index Number 904230-24 (collectively, the "State Court Actions").

28. The State Court Actions sought replevin of the Collateral and the Forklift. The State Court Action under Index Number 904228-24 also asserted causes of action for breach of the Agreement against J. Luke in the principal amount of $1,230,573.90, plus interest at the rate of 13.00% on the unpaid principal balance of $1,216,516.30 from February 24, 2024, late charges in the amount of $1,964.11, reasonable attorneys' fees, costs and disbursements, and breach of the Continuing Guaranty against the Debtor for the same amount. The State Court Action under Index Number 904228-24 is currently stayed as a result of the filing of the Debtors' bankruptcy case.

29. Broadview obtained a judgment against J. Luke and Debtor in the State Court Action for the $50,000 Loan in the amount of $17,586.43 after the State Court granted Broadview summary judgment pursuant to a Decision and Order dated December 30, 2024 (the "Judgment"). A copy of the filed Judgment is attached hereto as **Exhibit I**.

426839\4906-7548-1465\ v1

## IV. The Bankruptcy Case

30. On May 23, 2025, Debtor filed a voluntary petition for relief under Chapter 7 of the Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court").

31. Debtor acknowledged in his Petition that he holds a 50% interest in J. Luke [Dkt. No. 1].

32. On or about July 10, 2025, the meeting of creditors was held where the Debtor provided answers to various questions raised by the Chapter 7 Trustee and other parties (the "341 Meeting").

33. During the 341 Meeting, the Debtor asserted that there was a period of time where he stepped away from the management of the various businesses he held an interest in and his brother, Paul Hodorowksi, was primarily running the businesses. Debtor acknowledged during his 341 Meeting that there was mismanagement of the businesses while his brother was primarily running the businesses.

34. However, Debtor also stated that he primarily operated J. Luke which was a commercial construction company that employed approximately 70 people. During his 341 Meeting, Debtor stated he stepped away from the businesses, including J. Luke, but that he did eventually return to the business, including J. Luke.

35. Debtor testified that J. Luke's assets primarily consisted of construction equipment. Debtor then testified that at some point in time the construction equipment may have been sold or repossessed because there is no equipment remaining for J. Luke. That equipment serves as the Collateral for the loans issued by Broadview pursuant to the Agreement and the $50,000 Agreement. Debtor also acknowledged during his 341 Meeting that some of the equipment was

-7-

sold, repossessed or disappeared while he was still active and participating in J. Luke.

36. On October 29, 2025, the Bankruptcy Court so-ordered a stipulation extending Broadview's deadline to file an adversary proceeding objecting to the dischargeability of certain debt to January 9, 2026.

37. On October 21, 2025, Broadview filed a proof of claim in this case asserting an unsecured claim of $1,539,672.20 against the Debtor based on the Agreement and Continuing Guaranty [Claim No. 7].

38. Also on October 21, 2025, Broadview filed a proof of claim in this case asserting a secured claim in the amount of $18,137.15 based on the Judgment from the $50,000 Agreement [Claim No. 8].

## JURISDICTION AND VENUE

39. This Bankruptcy Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is Fed. R. Bankr. P. 2004.

40. Venue of this case and matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

41. Based on the above, Broadview seeks entry of an Order pursuant to Fed. R. Bankr. P. 2004: (i) directing the Debtor to appear for examination pursuant to Fed. R. Bankr. P. 2004; (ii) compelling the Debtor to provide certain documents as outlined in Exhibit J to the attached Motion;; and (iii) extending the time to file a complaint objecting to discharge pursuant to Fed. R. Bankr. P. 4004(b), or dischargeability of a debt pursuant to Fed. R. Bankr. P. 4007(c) until sixty (60) days after conclusion of the Debtor's 2004 examination; and (iv) granting such other and

further relief as the Court may deem just and proper.

## BASIS FOR RELIEF REQUESTED

42. Fed. R. Bankr. P. 2004 provides that any party in interest may examine any entity upon order of the Court. Fed. R. Bankr. P. 2004(a). Such an examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). Moreover, the scope of such an examination may be quite broad, as it is not limited by the restrictions of Fed. R. Civ. P. 26, and may thus be used for, among other purposes, "discovering assets and unearthing frauds." *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999) (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 454 (Bankr. D. Mass. 1983)); *accord In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985).

43. The Debtor acknowledged he primarily operated J. Luke and, even though he asserts he stepped away from J. Luke for a period of time, he also testified that: (a) J. Luke previously had assets, including various equipment; and (b) currently, J. Luke does not have equipment. Any and all equipment owned by J. Luke, among other things, serves as Broadview's Collateral that has now disappeared prior to the filing of this bankruptcy case even though J. Luke owes Broadview in excess of $1.5 million that was guaranteed by the Debtor. It is currently completely unknown what has happened to Broadview's Collateral, including the Forklift, and Broadview did not consent to the sale of any of its Collateral.

44. As described above, Broadview believes it may have cause to file an adversary proceeding against the Debtor under Section 523 of the Bankruptcy Code for, among other things, potential conversion and/or diversion of the Collateral, including the Forklift, for the loans issued

by Broadview to J. Luke pursuant to the Agreement and the $50,000 Agreement, as well as fraud, misrepresentation, and willful injury.

45. Before such action is taken, Broadview believes it is imperative to conduct a 2004 examination of the Debtor in order to determine: 1) the whereabouts and disposition of Broadview's Collateral, including the Forklift; 2) the disposition of any proceeds of the sale of Collateral, including the Forklift; 3) the nature and extent of any assets of J. Luke which remain; 4) the management and involvement of Debtor in J. Luke when the Collateral was converted and/or diverted; and 5) the disposition of funds in J. Luke's operation and other accounts prior to the bankruptcy filing.

46. Broadview also requests that certain documents be provided to its counsel not less than (10) days prior to the 2004 examination that is requested herein. The documents requested are contained in **Exhibit J** attached hereto.

47. Finally, Broadview requests a further extension to file a complaint objecting to discharge pursuant to Fed. R. Bankr. P. 4004(b), or dischargeability of a debt pursuant to Fed. R. Bankr. P. 4007(c) until sixty (60) days after conclusion of the Debtor's 2004 examination. A copy of the proposed Order is attached hereto as **Exhibit K**.

**WHEREFORE**, Broadview respectfully requests an Order of this Court: (i) directing the Debtor to appear for examination pursuant to Fed. R. Bankr. P. 2004; (ii) compelling the Debtor to provide certain documents as outlined in Exhibit J to the attached Motion; (iii) extending the time to file a complaint objecting to discharge pursuant to Fed. R. Bankr. P. 4004(b), or dischargeability of a debt pursuant to Fed. R. Bankr. P. 4007(c) until sixty (60) days after conclusion of the Debtor's 2004 examination; and (iv) for such other and further relief as to this Court may deem just and proper.

426839\4906-7548-1465\ v1

Dated: November 19, 2025

*Respectfully submitted,*

HARRIS BEACH MURTHA CULLINA PLLC

By: */s/ Brian D. Roy*
Brian D. Roy, Esq.
*Attorneys for Broadview Federal Credit Union f/k/a Capital Communications Federal Credit Union*
333 W. Washington Street, Suite 200
Syracuse, New York 13202
Telephone: (315) 423-7100
broy@harrisbeachmurtha.com

426839\4906-7548-1465\ v1