UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In Re:

     JOHN L. HODOROWSKI,

                   Debtor(s)

_____

**RESPONSE**

Case No. 25-10589
Chapter 7

**DEBTOR'S RESPONSE TO BROADVIEW FCU'S MOTION TO CONDUCT EXAMINATION OF DEBTOR, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE § 2004**

    **NOW COMES** above-captioned Debtor ("Debtor"), by and through retained counsel, Warner & Warner, PLLC, submitting this Response ("Response") to Broadview FCU's ("Broadview") Motion ("Motion") to Conduct Examination of Debtor, pursuant to FRBP § 2004, and respectfully states the following:

1. On or about May 23rd, 2025, Debtor filed a petition for relief, pursuant to Chapter 7 of the Bankruptcy Code.

2. Debtor disclosed liabilities owed to Broadview in his petition and caused a Notice of Bankruptcy Filing to be served upon both Broadview and their legal counsel.

3. Subsequently, Broadview appeared in this action through their legal counsel, Harris Beach Murtha Cullina, PLLC.

4. On or about August 19th, 2025, Debtor and Broadview entered a Stipulation Extending Time to Object to Discharge, through legal counsel, until November 2nd, 2025.

5. From this time forward, Broadview failed to take any steps whatsoever towards filing a Complaint Seeking an Exception to Dischargeability, or an Objection to Discharge, against Debtor.

6. Thereafter, on or about October 29th, 2025, Debtor and Broadview entered a

Second Stipulation Extending Time to Object to Discharge through legal counsel – this time until January 9th, 2026 – with the parties having agreed that Broadview would enjoy sufficient time to make its request(s) for Discovery and/or § 2004 Examination without the need for further extensions of time.

7. From this point forward, Broadview waited nearly another three [3] weeks to file the Motion.

8. Broadview's prayer for relief is three-pronged, in that it requests relief consisting of the following:

a. Authorization to Conduct an Examination of Debtor, pursuant to FRBP § 2004; and

b. An Extension of Time to Object to Dischargeability of Certain of Debtor's Debts, pursuant to FRBP § 4007(c); and

c. An Extension of Time to Object to Debtor's Discharge, pursuant to FRBP § 4004(b).

9. In filing this Response, Debtor does not seek to Oppose this Court's entry of an Order Authorizing Broadview to Conduct an Examination of Debtor, pursuant to FRBP § 2004.

10. Debtor does not know of any legal statute, rule of procedure, or case law that would prevent this Court from entertaining Broadview's request for an Order Authorizing a § 2004 Examination of Debtor.

11. Notwithstanding the foregoing, Debtor Opposes the balance of the relief requested by Broadview.

12. First, both of the Stipulations entered by the parties explicitly extended "Broadview's deadline to file an adversary proceeding objecting to the dischargeability of certain

debt."*

13. Given that the parties specifically agreed to Extend Broadview's Objection Deadline relating to the filing of an Adversary for relief that may be awarded under FRBP § 4007(c), Broadview's time to challenge this Court's entry of a Discharge Order (pursuant to FRBP § 4004(b)) has long-since expired.

14. Accordingly, Debtor avers that Broadview's request for an Order Extending Time to Object to Debtor's Discharge, in its entirety, must be Denied.

15. Second, if this Court enters and Order Granting Broadview's Motion [in Part], Debtor respectfully requests that the Order sets forth deadlines by which Broadview must carry out its § 2004 Examination of Debtor and file its Adversary Case, if any – subject to further extension, as may be deemed necessary and appropriate by this Court.

16. All of the factual allegations pleaded in support of Broadview's prayer for relief were known to Broadview for years before their filing of the Motion.

17. Notwithstanding Broadview's long-standing familiarity with the records underlying their pleadings, Broadview delayed its request for a § 2004 Examination until <u>nearly six [6] months after</u> the commencement of Debtor's case.

18. Absent this Court's entry of an Order setting firm deadlines for Broadview to seek its requested relief, Broadview's delay could continue to persist and impart a prejudicial agency upon both Debtor and Debtor's Claimants.

19. Accordingly, Debtor respectfully requests that this Court enter an Order that sets deadlines within which Broadview must conduct its § 2004 Examination and file an Adversary Case, if any, against Debtor.

---

\* *See* <u>Docket # 43</u> at ¶ 1; *See also* <u>Docket # 54</u> at ¶ 1.

20. Debtor is aware of the contents of this Response and its pendency before this Court.

**WHEREFORE**, Debtor respectfully enters this Response to Broadview's Motion.

Date:  November 19th, 2025

**WARNER & WARNER, PLLC**

*/s/ Jonathan D. Warner, Esq.*

_____
Jonathan D. Warner, Esq.
*Attorney for Debtor(s)*
6 Automation Lane, Suite 109
Albany, New York 12205
Ph (518) 451-9388
F   (518) 767-4522
jwarner@warnerlawyers.com