**KLESTADT WINTERS JURELLER**       Hearing Date: February 10, 2026
  **SOUTHARD & STEVENS, LLP**      Hearing Time: 10:00 a.m.
200 West 41st Street, 17th Floor
New York, NY 10036-7203      Objection Deadline: February 3, 2026
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens

*Counsel to Fred Stevens, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                      :
                                                            :   Chapter 7
JOHN L. HODOROWSKI,                                         :
                                                            :   Case No. 25-10589 (PGR)
                              Debtor.                       :
------------------------------------------------------------x

**TRUSTEE'S APPLICATION FOR AN ORDER, PURSUANT TO**
**FED. R. BANKR. P. 2004, AUTHORIZING THE TRUSTEE TO**
**EXAMINE AND SEEK DOCUMENTS AND**
**INFORMATION FROM ICPD HOLDINGS, LLC**

**TO THE HONORABLE PATRICK G. RADEL,**
**UNITED STATES BANKRUPTCY JUDGE:**

Fred Stevens, as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of John L. Hodorowski, the above-captioned debtor (the "Debtor"), by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, hereby submits this application (the "Application") seeking the entry of an order, pursuant to Fed. R. Bankr. P. 2004, authorizing the Trustee to issue a subpoena in substantially the same form as that annexed hereto as Exhibit A (the "Proposed Subpoena") upon ICPD Holdings, LLC (the "Examinee" or "ICPD") demanding the Examinee produce a witness knowledgeable about the matters identified in the statement pursuant to Fed. R. Civ. P. 30(b)(6) annexed to the Proposed Subpoena for an examination under oath, and the production of all documents and things regarding any transactions between it, or any entities

affiliated with it, and the Debtor, the Debtor's brother, Paul C. Hodorowski ("Paul"), any other members of the Hodorowski family, any of the Hodorowski Businesses (defined below), namely Hodorowski Holdings, LLC, and City Edge, LLC, or any third parties related to the identified transactions, by entry of an order in substantially the same form as that attached hereto as Exhibit B (the "Proposed Order").  In support of the Application, the Trustee respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Hodorowski family has been in the construction and real estate development business in the Albany area for around five decades.  At some point between 2011 and 2012, the family businesses[1] were taken over by the Debtor and his youngest brother, Paul.[2]  The two operated the businesses with an apparent relative degree of success until in or around September 2021, when John stepped away from the family businesses and Paul took over all operations.  Over the next two years, Paul appears to have borrowed heavily against the businesses and wherever possible, sold assets of the businesses, without the Debtor's knowledge or consent.  Much of the borrowing was done using controversial, very high-interest loans and purported future receipts sales, commonly referred to as merchant cash advances.[3]  The once-thriving Hodorowski businesses are

---

[1] The Hodorowski family businesses include, but may not be limited to, the following (Debtor's percentage of ownership displayed in parentheses): (i) Hodorowski Holdings, LLC (50%); (ii) HHA Enterprises, LLC (20%); (iii) CryoPartners, LLC (13.4%); (iv) HH at Haywood Lane, LLC (50%); (v) HH Land Development, LLC (33.33%); (vi) HHB Holdings, LLC (30%); (vii) JP Hodorowski Development, LLC (50%); (viii) Hodorowski Homes, LLC (45%); (ix) Hodorowski Homes Legends Preserve, LLC (50%); (x) Hodorowski Property Management, LLC (50%); (xi) J. Luke Construction Co., LLC (50%); (xii) John-Luke Development Co., LLC (50%); (xiii) John Paul Builders, LLC (50%); (xiv) JPH Mechanical, LLC (38.5%); (xv) 767 Troy-Schenectady Road, LLC (16.5%); (xvi) Oakwood Ave Apartments, LLC (50%); (xvii) Forts Ferry Road Development, LLC (14.05%); (xviii) TSR 767, LLC (unknown); (xix) Hodorowski Homes at Hamden Woods, LLC (unknown); (xx) Hodorowski Homes Hickory Ridge, LLC (unknown); (xxi) Hodorowski Homes Mohawk Hills, LLC (unknown); and (xxii) City Edge, LLC (29.67%).

[2] *See Ranieri v. Adirondack Dev. Group, LLC, et al.*, Case No. 11-cv-1013 (GTS/CFH) (N.D.N.Y. Feb. 22, 2016), Court's Decision at Dkt. No. 129, p.1.

[3] *See, e.g., Alpha Capital Funding LLC v. J. Luke Construction Co., LLC, et al.*, Index No. 2024-253 (N.Y. Sup. Ct. Feb. 2, 2024) (Paul allegedly took $378,481.14 in cash from a merchant cash advance in exchange for the purported

all out of business and, according to the Debtor, have nothing left from which to satisfy creditors.

Once the Hodorowski businesses were tapped out and no longer a source of assets for Paul, he appears to have turned to alternative and illegal means to raise money. On August 19, 2024, the Financial Crimes Unit of the New York Sate Police arrested Paul on one count of grand larceny in the first degree for allegedly orchestrating an elaborate check kiting scheme between December 1, 2023, and March 31, 2024, which led to victim losses totaling $1,544,652.59 by Arrow Financial Corporation, specifically Saratoga National Bank and Trust Company.[4]

The Trustee is investigating the financial affairs of the Debtor and the Hodorowski businesses. Of particular concern is a transfer that occurred on or about March 15, 2024, where Hodorowski Holdings, LLC, an entity the Debtor holds a 50% ownership interest, conveyed an approximately 20% interest in City Edge, LLC, the owner of commercial real property located at 242 Broadway, Schenectady, New York, to ICPD granting ICPD a majority interest in, and effective control over, City Edge, LLC. The transfer purportedly occurred for nominal consideration ($50,000), without the Debtor's knowledge or authorization, and resulted in ICPD acquiring majority control of City Edge and its principal asset. To illustrate the grotesque inadequacy of the consideration paid by ICPD, a minority 40% interest in City Edge, LLC, was transferred for $1.5 million later in 2024 as detailed below.

The circumstances surrounding this transfer raise serious questions regarding corporate authority, valuation, and whether reasonably equivalent value was received. The Trustee requires

---

sale of $838,117.93 in future receivables of the business); *ClearFund Solutions LLC v. Cryoclinic, LLC, et al.*, Index No. 2023-2214 (N.Y. Sup. Ct. Dec. 21, 2023) (Paul allegedly took some amount of cash in exchange for the purported sale of $525,000.00 in future receivables of the businesses); *Meged Funding Group Corp. v. Hodorowski Homes, LLC*, Index No. 620445/2023 (N.Y. Sup. Ct. Dec. 18, 2023) (Paul allegedly took $475,000.00 in exchange for the purported sale of $712,500.00 in future receivables of the businesses); *Rowan Advance LLC v. John Paul Builders LLC, et al.*, Index No. 53686/2023 (N.Y. Sup. Ct. Dec. 13, 2023) (Paul allegedly took $425,000.00 in exchange for the purported sale of $616,250.00 in future receivables of the businesses).
[4] *See* New York State Police, *State Police arrest homebuilder on grand larceny charge*. Aug. 19, 2024 (https://troopers.ny.gov/news/state-police-arrest-homebuilder-grand-larceny-charge).

detailed information concerning ICPD's acquisition of its interest in City Edge, the negotiations and documentation underlying the transaction, and any related dealings between ICPD, Paul, the Hodorowski entities, and any third-parties related to these transactions, in order to determine whether the Debtor's estate holds claims for avoidance, recovery, or other relief.

Accordingly, by this Application, the Trustee respectfully requests the entry of the Proposed Order authorizing the Trustee's issuance of the Proposed Subpoena to the Examinee and directing the Examinee's compliance with the subpoena issued to him.

## JURISDICTION

1. This Court has jurisdiction over the bankruptcy case and this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and Rule 81.1 of the Local Rules for the United States District Court for the Northern District of New York referring matters arising under Title 11 of the United States Code (the "Bankruptcy Code") to the Bankruptcy Court (Jan. 1, 2024).

2. Venue of this case is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## INTRODUCTION

4. On May 23, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") [Docket No. 1].

5. Following several reassignments due to conflicts, Fred Stevens was appointed interim Chapter 7 trustee on June 10, 2025 [Docket No. 23].

6. On July 10, 2025, the Trustee presided over the first meeting of creditors convened pursuant to section 341(a) of the Bankruptcy Code and then duly qualified and became the permanent trustee herein by virtue of section 702(d) of the Bankruptcy Code.

## **BACKGROUND**

7. From 2011 until 2021, the Debtor was the principal of numerous businesses involved in construction and real estate development. According to his bankruptcy schedules, the Debtor has an interest in the following entities (the Debtor's ownership percentage is indicated in parentheses):

   a. Hodorowski Holdings, LLC (50%);

   b. HHA Enterprises, LLC (20%);

   c. CryoPartners, LLC (13.4%);

   d. HH at Haywood Lane, LLC (50%);

   e. HH Land Development, LLC (33.33%);

   f. HHB Holdings, LLC (30%);

   g. JP Hodorowski Development, LLC (50%);

   h. Hodorowski Homes, LLC (45%);

   i. Hodorowski Homes Legends Preserve, LLC (50%);

   j. Hodorowski Property Management, LLC (50%);

   k. J. Luke Construction Co., LLC (50%);

   l. John-Luke Development Co., LLC (50%);

   m. John Paul Builders, LLC (50%);

   n. JPH Mechanical, LLC (38.5%);

   o. 767 Troy-Schenectady Road, LLC (16.5%);

      p. Oakwood Ave Apartments, LLC (50%);

      q. Forts Ferry Road Development, LLC (14.05%);

      r. TSR 767, LLC (unknown);

      s. Hodorowski Homes at Hamden Woods, LLC (unknown);

      t. Hodorowski Homes Hickory Ridge, LLC (unknown);

      u. Hodorowski Homes Mohawk Hills, LLC (unknown); and

      v. City Edge, LLC (29.67%).

*See*, Schedule B, Docket No. 1, Q.19 (collectively, the "Hodorowski Businesses").

8. The Debtor ran the Hodorowski Businesses with his brother, Paul, until in or around September 2021 when the Debtor took a leave from the businesses. After that time, Paul managed the businesses and ultimately appears to have destroyed them and any value they may have for the Debtor's creditors.

9. At this time, the Hodorowski Businesses are believed to be defunct and completely out of business. According to the public record, during Paul's management of the businesses, they took on significant liabilities, including to merchant cash advance companies, which ultimately led to the businesses' demise.[5]

10. In addition, Paul has been accused by the Financial Crimes Unit of the New York Sate Police of orchestrating an elaborate check kiting scheme between December 1, 2023, and March 31, 2024, which led to losses totaling $1,544,652.59 by Arrow Financial Corporation, specifically Saratoga National Bank and Trust Company.[6] Paul was arrested on related charges on August 19, 2024, and is believed to be going to trial on January 12, 2026 according to the

---

[5] *See* cases cited *supra* note 3.

[6] *See supra* note 4.

docket.[7]

11. Relevant to the instant Application, on or around September 2017, the Debtor, through the entity Hodorowski Holdings, LLC ("HHLLC"), acquired 59.34% of City Edge LLC ("City Edge"), the title owner of 242 Broadway, Schenectady, New York (the "Property"). As of the same date, ICPD owned the remaining 40.66% of City Edge.

12. According to documents recently obtained by the Trustee, HHLLC transferred a 19.34% membership interest in City Edge to ICPD for purported consideration of $50,000.00. This transaction effected a change in control, conferring upon ICPD a majority equity interest in City Edge and, by extension, majority control over the Property and its disposition (the "Transfer"). Upon information and belief, the Transfer documents were executed solely by Paul, without corporate authorization, member approval, or any ratification by the Debtor, rendering the Transfer highly suspect and raising serious questions as to its validity and enforceability.

13. The consideration purportedly paid in connection with the Transfer is particularly troubling. ICPD acquired a 19.34% membership interest in City Edge for only $50,000.00. That interest gave ICPD a majority interest and control over City Edge. By contrast, shortly thereafter, C.J. DeCrescente, through DDC Holdings LLC ("DDC"), acquired HHLLC's remaining 40% now minority membership interest in City Edge for approximately $1.5 million, effected through a reduction of purported indebtedness owed to DDC. The stark and unexplained disparity between these closely timed transactions, both involving interests in the same entity and one resulting in ICPD's acquisition of majority control over City Edge and the Property, raises substantial questions concerning valuation and whether reasonably equivalent value was received by HHLLC, and ultimately the Debtor, matters the Trustee is obligated to investigate.

---

[7] *See People of the State of New York v. Paul Hodorowski*, IND-71260-24/001 (Sup. Ct., Schenectady County).

14. The Trustee needs to investigate the Transfer. To do this, the Trustee needs to issue to ICPD a subpoena *duces tecum*, like the Proposed Subpoena, mandating its production of documents and attendance at an examination.

## **RELIEF REQUESTED**

15. Bankruptcy Rule 2004(a) provides that "[o]n the motion of any party in interest, the court may order the examination of any entity." It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters affecting the administration of the debtor's estate, as well as the conduct, liabilities or property of the debtor.

16. Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." *Id.*; *see also*, *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *In re Silverman*, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

17. The investigation of the Examinee falls squarely within the scope of Bankruptcy Rule 2004. The Examinee appears to have acquired a majority interest in City Edge and with it control of the Property for a fraction of its value. This examination is therefore not only proper but essential to uncovering the circumstances surrounding this transfer.

8

18. Bankruptcy Rule 2004 permits the Trustee to issue subpoenas on any parties which the Trustee believes may have information relevant to the Debtor's property and/or financial affairs and in furtherance of his investigation.

19. As such, the examination of the Examinee is necessary to aid the Trustee in his investigation of the Debtor's financial affairs, and the existence of claims that he can pursue for the benefit of his creditors.

20. The Trustee will probably require the oral examination of the Examinee following a complete production of documents, especially if the documents do not provide sufficient detail.

21. The Trustee respectfully submits that the proposed examination of the Examinee is reasonable, necessary, and authorized by Bankruptcy Rule 2004 in furtherance of his necessary investigation.

## PROPOSED PROCEDURE

22. The Trustee requests that the Court direct the Examinee's production of documents at the Trustee's offices at Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York, 10036-7203, or by electronic means. The Trustee proposes that the Examinee's examination take place at either (i) the offices of the Trustee's counsel, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York, 10036-7203, or such other location as may be within the 100-mile geographic limitation of Fed. R. Civ. P. 45(c); or (ii) any other location as agreed to by the Trustee and the Examinee.

23. The Trustee proposes to serve the Subpoenas at least fourteen (14) days prior to the due date for the production or inspection of any documents or electronic files, or oral examination.

**NOTICE**

24. Applications for relief under Rule 2004(a) are usually granted *ex-parte*. 9 *Collier on Bankruptcy* ¶ 2004.01[2] (15th ed. 2009), *citing 1983 Advisory Committee Note to Fed. R. Bankr. P. 2004, reprinted in* ch. 2004, App. 2004; *In re Sutera*, 141 B.R. 539, 540 (Bankr. D. Conn. 1992); *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D.Ill. 1985); *In re Silverman*, 10 C.B.C.2d 1219, 36 B.R. 254 (Bankr. S.D.N.Y. 1984). Some bankruptcy courts even adopt local rules allowing the service of subpoenas under Bankruptcy Rule 2004(a) without having to file any application at all. *See e.g.*, D.N.J. L.B.R. 2004-1(b).

25. Here, out of an abundance of caution, the Trustee has proceeded with the Application by notice and hearing providing the Examinee with an opportunity to object prior to consideration by the Court. Further, the Examinee will have ample opportunity to seek from this Court protection from any subpoena or information sought by the subpoena issued by the Trustee that the Examinee believes it has a basis to challenge.

26. The Trustee further submits that it should be permitted to serve the Subpoena by Federal Express ("FedEx"), other nationally recognized overnight carrier, or any other means of service allowed under Bankruptcy Rule 9016 as appropriate, because personal service would be unduly burdensome, expensive and would delay the Trustee's efforts to obtain information essential to uncovering whether causes of action exist that may significantly augment the Debtor's estate.

27. Courts in the Second Circuit have authorized alternative service when such service was reasonably "calculated to provide timely actual notice." *Med. Diagnostic Imaging PLLC v. CareCore Nat. LLC,* Case No. 06 CIV 13156, 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008); *Cordius Trust v. Kummerfeld,* Case No. 99 CIV 3700 (DLC), 2000 WL 10268, at *2 (S.D.N.Y.

Jan. 3, 2000) ("Because alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met"); *In re Shur,* 184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995) (holding that Rule 45 of the Federal Rules of Civil Procedure (and by extension Bankruptcy Rule 9016) does not require personal service and that other service is permissible provided service was reasonably calculated to give actual notice). Here, delivery by FedEx, other nationally recognized overnight carrier, or other means agreed to by the subpoenaed parties, is reasonably calculated to ensure actual receipt by the persons subject to any Subpoena.

28. Based upon the foregoing, the Trustee submits that the proposed notice of the Application and hearing is adequate and that no further notice should be required.

## NO PRIOR RELIEF

29. Except as specifically stated, no previous application for the relief sought herein has been made to this or any other court.

*[Continued on next page]*

**WHEREFORE**, the Trustee respectfully requests that the relief requested herein be granted and the Court enter an order, substantially in the form of the Proposed Order annexed hereto as <u>Exhibit B</u>, and grant such other and further relief as is just and proper.

Dated:   New York, New York
         January 9, 2026

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
    Fred Stevens
    200 West 41st Street, 17th Floor
    New York, New York 10036
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: fstevens@klestadt.com

    *Counsel to Fred Stevens, Chapter 7 Trustee*