So Ordered.

Signed this 9 day of February, 2026.



_Patrick G. Radel_

Patrick G. Radel
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re:                                                      :
                                                            :        Chapter 7
JOHN L. HODOROWSKI,                                         :
                                                            :        Case No. 25-10589 (PGR)
                                        Debtor.             :
-----------------------------------------------------------------x

**ORDER PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE
TRUSTEE TO EXAMINE AND SEEK DOCUMENTS AND INFORMATION
FROM ICPD HOLDINGS LLC**

Upon the application (the "Application")[1] of Fred Stevens, as Chapter 7 trustee (the

"Trustee") of the bankruptcy estate of John L. Hodorowski, the above-captioned debtor (the

"Debtor"), pursuant to Fed. R. Bankr. P. 2004, authorizing the Trustee to issue a subpoena in

substantially the same form as that annexed to the Application as Exhibit A (the "Proposed

Subpoena") upon ICPD Holdings LLC (the "Examinee" or "ICPD") demanding the Examinee

produce a witness knowledgeable about the matters identified in the statement pursuant to Fed. R.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Civ. P. 30(b)(6) annexed to the Proposed Subpoena for an examination under oath, and the production of all documents and things regarding any transactions between it, or any entities affiliated with it, and the Debtor, the Debtor's brother, Paul C. Hodorowski ("Paul"), any other members of the Hodorowski family, any of the Hodorowski Businesses[2], namely Hodorowski Holdings, LLC, and City Edge, LLC, or any third parties related to the transaction identified in the Application; ~~and a hearing on the Application having been held before this Court on February 10, 2026;~~ and sufficient notice of the relief sought in the Application ~~and Hearing~~ having been given to the Examinee; **and Counsel for the Examinee and the Chapter 7 Trustee having come to an agreement on the terms of a proposed order granting the Application;** and after due deliberation and sufficient cause appearing therefore, it is

PGR

     **ORDERED** that the Application is **GRANTED** as set forth herein; and it is further

     **ORDERED** that pursuant to Bankruptcy Rules 2004 and 9016, the Trustee is authorized to serve subpoena(s) *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") in substantially the same form as the Proposed Subpoena upon the Examinee; and it is further

     **ORDERED** that the Examinee is directed to either timely comply with the terms of this Order and any Subpoena issued to him and timely produce the documents required to be produced under the Subpoena, or make a timely motion for a protective order or to quash the Subpoena; and it is further

     **ORDERED** that unless otherwise ordered by this Court, the Subpoenas shall not seek the

---

[2] The Hodorowski Businesses, but may not be limited to, the following (Debtor's percentage of ownership displayed in parentheses): (i) Hodorowski Holdings, LLC (50%); (ii) HHA Enterprises, LLC (20%); (iii) CryoPartners, LLC (13.4%); (iv) HH at Haywood Lane, LLC (50%); (v) HH Land Development, LLC (33.33%); (vi) HHB Holdings, LLC (30%); (vii) JP Hodorowski Development, LLC (50%); (viii) Hodorowski Homes, LLC (45%); (ix) Hodorowski Homes Legends Preserve, LLC (50%); (x) Hodorowski Property Management, LLC (50%); (xi) J. Luke Construction Co., LLC (50%); (xii) John-Luke Development Co., LLC (50%); (xiii) John Paul Builders, LLC (50%); (xiv) JPH Mechanical, LLC (38.5%); (xv) 767 Troy-Schenectady Road, LLC (16.5%); (xvi) Oakwood Ave Apartments, LLC (50%); (xvii) Forts Ferry Road Development, LLC (14.05%); (xviii) TSR 767, LLC (unknown); (xix) Hodorowski Homes at Hamden Woods, LLC (unknown); (xx) Hodorowski Homes Hickory Ridge, LLC (unknown); (xxi) Hodorowski Homes Mohawk Hills, LLC (unknown); and (xxii) City Edge, LLC (29.67%).

production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED** that the Examinee may mark any non-public documents produced in response to the Subpoena as "Confidential" and such documents shall only be available to the Trustee and his professionals and the Office of the United States Trustee.  Such documents shall be treated as confidential by the receiving parties.

The obligations contained in this paragraph shall not apply to confidential information which (i) is required by applicable law, the rules and regulations of any governing securities exchange or by order of a court of competent jurisdiction to be disclosed; provided, however, the Trustee provides the Examinee prompt written notice upon learning of such disclosure requirement and, to the extent practicable, a reasonable opportunity prior to the disclosure to allow the Examinee to seek a protective order; (ii) is or becomes a matter of public knowledge other than as a result of any breach of the Trustee's obligations hereunder; (iii) was known by the Trustee prior to its disclosure thereof by the Examinee, as evidenced by prior documentation thereof**,** provided that the source of such information was not under any obligation of confidentiality to the Examinee in respect thereof to the best of the Trustee's knowledge; (iv) is independently developed by the Trustee, as evidenced by independent documentation; or (v) is disclosed to the Trustee on a nonconfidential basis by a third party who, to the best of the Trustee's knowledge, is under no obligation of confidentiality to the Fareri.

In the event that the Trustee desires to: (a) reference or incorporate any of the information from a document marked "Confidential" in any legal pleading or report; (b) reference, incorporate or question any person or entity other than the Examinee with respect to or using any of the Examinee's documents marked "Confidential" or information therefrom at a deposition, examination or interview; or (c) reference, incorporate or question any witness with respect to or

using any of the Examinee's documents marked "Confidential" or information therefrom at a deposition, examination or interview at which any person or entity other than the Trustee (and his counsel) and the Examinee (and his counsel) are present; the Trustee shall first make a written request on the Examinee's counsel for permission to do so, which request shall identify the specific materials or information sought to be used by the Trustee. If the Examinee or his counsel decline to consent to the Trustee's request, which they may do so in their sole but reasonable discretion, the Trustee may not make any such use of the Confidential Information or material until he has been permitted to do by Court order, made on an application on notice to the Examinee which does not reveal or disclose the substance of the document marked "Confidential" sought to be used by the Trustee; and it is further

**ORDERED** that the Trustee shall serve a copy of this Order with any subpoena that it serves pursuant to this Order; and it is further

**ORDERED** that Subpoenas authorized by this Order may be served by the Trustee by FedEx, other nationally recognized overnight carrier, or any other method of service permitted under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed parties; and it is further

**ORDERED** that any Subpoena may designate a place for the production of documents and deposition at a distance further than 100 miles from the Examinee provided that either (i) the Examinee consents, and/or (ii) the Trustee will accept document production electronically and will conduct the deposition remotely via videoconference; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to any disputes that arise with respect to this Order, or any Subpoena issued hereunder.

###