UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In Re:

    JOHN L. HODOROWSKI a/k/a
    JOHN LUKE HODOROWSKI

               Debtor(s)

_____

**MOTION**

Case No. 25-10589
Chapter 7

## MOTION FOR AN ORDER (i) AVOIDING JUDGMENT LIEN(S), PURSUANT TO 11 U.S.C. § 522(f) and (ii) AWARDING REIMBURSEMENT FOR POSTAGE COSTS

**NOW COMES** above-captioned Debtor ("Debtor"), by and through retained counsel, Warner & Warner, PLLC, submitting this Motion ("Motion") for an Order (i) Avoiding Judgment Liens, pursuant to 11 U.S.C. § 522(f)*, and (ii) Awarding Reimbursement of Postage Costs, and respectfully states the following:

1.    On or about October 31st, 2023, Buckley Associates, Inc. ("Buckley"), entered a judgment transcript ("Buckley Judgment") against Debtor, in the sum of **$52,843.88**, at the Albany County Clerk's Office.

2.    On or about October 16th, 2024, Broadview FCU ("Broadview") entered a judgment ("Broadview Judgment # 1") against Debtor, in the sum of **$852,764.92**, at the Albany County Supreme Court.

3.    On or about October 29th, 2024, Broadview entered a judgment ("Broadview Judgment # 2") against Debtor, in the sum of **$15,440.96**, at the Albany County Supreme Court.

4.    On or about December 2nd, 2024, Broadview, entered a judgment ("Broadview Judgment # 3") against Debtor, in the sum of **$1,325,636.23**, at the Albany County Supreme Court.

---

* Copies of the Judgments, Mortgage Balance, and Real Estate Appraisal are hereby annexed to this

5.      On or about January 16th, 2025, Broadview, entered a judgment ("Broadview Judgment # 4") against Debtor, in the sum of **$17,586.43**, at the Albany County Supreme Court.

6.      On or about February 21, 2025, F.W. Webb Company ("FWWC"), entered a judgment ("FWWC Judgment") against Debtor, in the sum of **$254,776.40**, at the Albany County Supreme Court.

7.      On or about March 13th, 2025, Broadview, entered a judgment ("Broadview Judgment # 5") against Debtor, in the sum of **$2,173,421.94**, at the Albany County Supreme Court.

8.      These judgments do not secure debts arising out of any domestic support obligation.

9.      Debtor filed a petition for relief, pursuant to Chapter 7 of the Bankruptcy Code.

10.     Debtor owns real property, in tenancy by the entirety, located at 110 Twenty West Drive, Altamont, New York 12009 ("Property"), which is Debtor's primary residence.

11.     Debtor's 50% interest in Property has a value of **$665,600.00,** pursuant to Zillow.com appraisal.

12.     The mortgage lien of Homeowners Advantage, with a balance of **$722,511.25,** encumbers Debtor's Property.

13.     By virtue of "first-in-line" priority, the Buckley Judgment, with a balance of **$52,843.88,** is fully secured to the equitable value of Debtor's Property.

14.     By virtue of "second-in-line" priority, the Broadview Judgment # 1, with a balance of **$825,764.92,** is partially secured to the equitable value of Debtor's Property. The aforesaid judgment lien of Broadview is secured to the extent of **$80,800.43.** The remainder of the Broadview Judgment # 1 is unsecured in relation to the equitable

Motion.

value of Debtor's Property.

15. Debtor has claimed the equitable value of the Property as exempt, in the amount of **$170,700.00,** pursuant to N.Y. CPLR § 5206(a).

16. The foregoing judgments impair Debtor's homestead exemption.

17. Debtor's maximum allowable homestead exemption is **$170,700.00.** The value of the judgment lien(s) docketed against Debtor's Property exceeds the value of (a) the equitable value of Debtor's claimed homestead exemption *minus* (b) the maximum allowed homestead exemption available to Debtor.

18. Debtor requests that Warner & Warner, PLLC, through Jonathan D. Warner, Esq., be awarded compensation, in the amount of **$27.00,** in consideration for reimbursement of postage costs incurred in rendering due service of Debtor's Motion.

19. Debtor is aware of the contents of this Motion and its pendency before this Court.

**WHEREFORE**, Debtor respectfully requests entry of an Order, pursuant to 11 U.S.C. § 522(f), (i) Modifying the extent of the secured status of Broadview Judgment # 1, from the amount of **$825,764.92** to the reduced amount of **$80,800.43,** and (ii) Avoiding the Broadview Judgment # 2, Broadview Judgment # 3, Broadview Judgment # 4, Broadview Judgment # 5, and FWWC Judgment, as said judgments impair Debtor's homestead exemption, (iii) Authorizing the Albany County Clerk's Office to make notations on their judgment rolls reflecting that said judgment be Avoided pursuant to an Order of this Court, (iv) Awarding Reimbursement for Postage Costs, and (v) Granting such other relief as this Court may deem necessary and appropriate.

Date:  June 14th, 2026

**WARNER & WARNER, PLLC**

*/s/ Jonathan D. Warner, Esq.*

_____

Jonathan D. Warner, Esq.
*Attorney for Debtor(s)*
6 Automation Lane, Suite 109
Albany, New York 12205
Ph (518) 451-9388
F   (518) 767-4522
jwarner@warnerlawyers.com