<table>
<tr><td>

**KLESTADT WINTERS JURELLER
  SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens

</td><td>

**Hearing Date: August 13, 2026**
**Hearing Time: 10:00 a.m.**

**Objection Deadline: August 6, 2026**

</td></tr>
</table>

*Counsel to Fred Stevens, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:                                                         :
                                                              :
JOHN L. HODOROWSKI,                                           :
                                                              :
                                  Debtor.                      :
------------------------------------------------------------x

Chapter 7

Case No. 25-10589 (PGR)

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO FED. R. BANKR.
P. 9019, APPROVING STIPULATION RESOLVING ALL CLAIMS AND
CONTROVERSIES BETWEEN THE TRUSTEE AND ICPD HOLDINGS LLC
REGARDING CERTAIN TRANSFERS**

**TO THE HONORABLE PATRICK G. RADEL,
UNITED STATES BANKRUPTCY JUDGE:**

Fred Stevens, in his capacity as chapter 7 trustee (the "Trustee") of the bankruptcy estate

of John L. Hodorowski (the "Debtor"), by and through his counsel, Klestadt Winters Jureller

Southard & Stevens, LLP, submits this motion (the "Motion") seeking entry of an order in

substantially the same form as that annexed hereto as Exhibit A (the "Proposed Order"), pursuant

to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving

that certain settlement agreement (the "Stipulation"), a copy of which is annexed hereto as Exhibit

B, by and between (I) the Trustee, and (ii) ICPD Holdings, LLC ("ICPD" and together with the

Trustee, the "Parties") respectfully sets forth as follows:

**PRELIMINARY STATEMENT**

The Trustee discovered that an entity in which the Debtor held a one-half interest together with his brother, Paul Hodorowski, sold a certain minority interest in a special purpose entity owning real estate to ICPD for $50,000 in cash. The Trustee investigated the matter thoroughly to determine whether the transfer could be attacked for the benefit of the Debtor's creditors. For the reasons set forth below, the Trustee believes that approval of the Stipulation resulting in a payment of $25,000 from ICPD to the estate settling and resolving these matters is in the best interests of the estate and creditors

**JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested herein is Bankruptcy Rule 9019.

**INTRODUCTION**

2.    On May 23, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") [Docket No. 1].

3.    Following several reassignments due to conflicts, Fred Stevens was appointed interim Chapter 7 trustee on June 10, 2025 [Docket No. 23].

4.    On July 10, 2025, the Trustee presided over the first meeting of creditors convened pursuant to section 341(a) of the Bankruptcy Code and then duly qualified and became the permanent trustee herein by virtue of section 702(d) of the Bankruptcy Code.

**BACKGROUND**

5.      From 2011 until 2021, the Debtor was the principal of numerous businesses involved in construction and real estate development (the "Hodorowski Businesses").  The Debtor ran the Hodorowski Businesses with his brother, Paul Hodorowski ("Paul"), until in or around September 2021 when the Debtor took a leave from the businesses.  After that time, Paul managed the businesses.

6.      On May 16, 2026, Paul pleaded guilty to felony grand larceny in the first degree in connection with allegations that he orchestrated an elaborate check kiting scheme between December 1, 2023, and March 31, 2024, which led to losses totaling $1,544,652.59 by Arrow Financial Corporation, specifically Saratoga National Bank and Trust Company.

7.      On or around September 2017, the Debtor, through the entity Hodorowski Holdings, LLC ("HHLLC"), acquired 59.34% of City Edge LLC ("City Edge"), the title owner of 242 Broadway, Schenectady, New York (the "Property"). As of the same date, ICPD owned the remaining 40.66% of City Edge.

8.      HHLLC transferred a 19.34% membership interest in City Edge to ICPD for consideration of $50,000.00 (the "Transfer"). The Transfer was negotiated and made by Paul on behalf of HHLLC.

9.      Shortly thereafter, C.J. DeCrescente, through DDC Holdings LLC ("DDC"), acquired HHLLC's remaining 40% remaining membership interest in City Edge for approximately $1.5 million, effected through a reduction of purported indebtedness owed to DDC.

10.      The Trustee has asserted that the Transfer may be subject to avoidance as a fraudulent transfer.  ICPD denies any liability whatsoever to the Trustee in connection with the Transfer for numerous reasons including that it paid full and fair value in connection with the

property acquired in the Transfer, and that the Transfer was made by a non-debtor and is not subject to avoidance by the Trustee.

11.     Following good faith negotiations, the Parties are willing to resolve these matters as set forth in the Stipulation.

## STIPULATION

12.     The Stipulation is the result of good faith and arms' length negotiations between the Parties.  By way of summary, the Stipulation between the Parties provides for the following:[1]

> **Bankruptcy Court Approval Required**.  The Stipulation is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of this Stipulation "So Ordered" by the Bankruptcy Court or the entry of an Order approving this Stipulation in its entirety (an "Approval Order").

> **Settlement Payment**.  Contemporaneously with the execution and return of the Stipulation, ICPD paid $25,000.00 to the Trustee (the "Settlement Payment").  Upon entry of the Approval Order, the Settlement Payment shall be released to the Trustee on behalf of the Debtor's estate in full and final satisfaction of any claims of the Trustee in connection with the Transfer.  If the Bankruptcy Court declines to enter an Approval Order for any reason, the Trustee shall forthwith return the Settlement Payment to ICPD and this Stipulation shall have no force or effect.

> **Release of Claims by the Trustee and the Debtor's Estate**.  Upon entry of the Approval Order, the Trustee on behalf of himself and on behalf of the Debtor's estate, shall be deemed to have waived, set aside, discharged, settled, compromised and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or may have, against ICPD, City Edge, or DDC, or any of their respective members, in connection with the Transfer, HHLLC, City Edge or the Property.

> **Release of Claims by ICPD.**  Upon Entry of the Approval Order, ICPD, City Edge, and DDC shall be deemed to have waived, set aside, discharged, settled, compromised and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies it has, had or may have, against the Trustee and Debtor's bankruptcy estate.

---

[1] For ease of reference, the Trustee has included a summary of the terms of the Stipulation here.  Interested parties are encouraged to review the entire Stipulation in its entirety and not rely on the summary set forth herein.  To the extent there is any express or implied conflict between the terms of the Stipulation and the description contained herein, the terms of the Stipulation shall control.

**RELIEF REQUESTED**

13.     By this Motion, the Trustee seeks this Court's approval of the Stipulation, and asserts that the terms, conditions, and compromises contained therein are fair and reasonable under the circumstances, and that approval of the Stipulation is in the best interest of the Debtor's estate and its creditors.

14.     Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate.  Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968); Fischer v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); In re Fugazy, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

15.     In order to reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, 390 U.S. at 424.

16.     To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co), 699 F.2d 599, 608 (2d Cir. 1983); In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); In re Int'l Distribution

Centers, Inc., 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

17.     The Court should also consider the fair and reasonable course of action for the Debtor's estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. In re Del Grosso, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); see also In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990); In re Lawrence & Erausguin, Inc., 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); In re Bell & Beckwith, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

18.     The Court is not required conclusively to determine the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness.  Instead, the Court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate and otherwise does not fall outside the range of reasonableness.  In re Apex Oil Co., 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988).

19.     Several factors support approval of the Stipulation. First, the Stipulation is the culmination of good-faith, arm's-length negotiations between the Trustee and ICPD and reflects a pragmatic resolution of the Parties' dispute without the expense, delay, and uncertainty attendant to continued litigation. The prosecution of such claims through judgment would require the estate to incur additional administrative expenses and devote significant resources to contested proceedings. Under these circumstances, the Trustee has determined that the immediate and certain benefit conferred upon the estate by the Stipulation compares favorably to the range of potential outcomes obtainable through litigation and represents a sound exercise of his business judgment.

20.     Further, the Transfer at issue was not of property of the Debtor, but of property of an entity that the Debtor had an interest in.  This raises serious questions with respect to whether

6

the Trustee can even make a prima facie case for avoidance unless he asserts the claim derivatively.

Even if the Trustee can assert, he will be further challenged to demonstrate that Paul lacked

authority to make the Transfer, and that the $50,000 paid by ICPD was not reasonably equivalent

value for what ICPD received.  Based on all the facts and circumstances, the Trustee asserts that

the settlement embodied in the Stipulation is fair and equitable under the circumstances.

21.     Finally, approval of the Stipulation allows for the rapid administration of the

Debtor's estate and completion of this bankruptcy proceeding resulting in a significant distribution

to creditors in the order of priorities set forth in the Bankruptcy Code.

22.     For the foregoing reasons, the Trustee believes that the terms of the Stipulation are

fair, reasonable and in the best interests of the Debtor's estate and its creditors.  Accordingly, the

Trustee respectfully requests that this Court approve the Stipulation.

## **NOTICE**

23.     In accordance with Bankruptcy Rule 2002 notice of the Motion will be served upon

the United States Trustee, all creditors that are scheduled or filed a proof of claim, and all parties

having filed a notice of appearance in the Debtor's case.  The Trustee respectfully submits that

such notice be deemed sufficient under the circumstances and that no additional notice need be

given.

## **NO PRIOR RELIEF**

24.     No previous application for the relief requested herein has been made to this or any

other court.

7

**WHEREFORE**, the Trustee respectfully requests that the Court (I) approve the Stipulation

and enter an order in substantially the same form as the Proposed Order as that annexed hereto as

Exhibit A; and (II) grant such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         July 8, 2026

                                      **KLESTADT WINTERS JURELLER
                                       SOUTHARD & STEVENS, LLP**


                          By:   */s/ Fred Stevens*
                                Fred Stevens
                                200 West 41st Street, 17th Floor
                                New York, New York 10036
                                Tel: (212) 972-3000
                                Fax: (212) 972-2245
                                Email: fstevens@klestadt.com

                                *Counsel to Fred Stevens, Chapter 7 Trustee*